## J. W. Shaffer et al. v. First National Bank of Charleston, Illinois.

1. INSTRUCTIONS—*Requiring Party to Explain Instrument Introduced in Evidence Without Objection.*—An instruction requiring the plaintiff to explain the appearance of a note introduced in evidence without objection, is properly refused.

Assumpsit, on a promissory note. Error to the Circuit Court of Coles County; the Hon. LAPSLEY C. HENLY, Judge presiding. Heard in

this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

R. G. Hammond and A. C. Anderson, attorneys for plaintiffs in error.

A. J. Fryer, attorney for defendant in error.

Mr. Presiding Justice Wright delivered the opinion of the court.

Suit by defendant in error against plaintiffs in error upon a note for $100, upon which plaintiffs in error were sureties for G. W. Panley. The defense was upon the ground that when plaintiffs in error signed the note W. J. Doty was also one of the sureties, and that his name was subsequently erased without their knowledge or consent, and thereby they were released from liability.

The verdict and judgment were against appellants for $158.41, and this writ of error is designed to reverse the judgment.

When the note was produced at the trial it appeared that W. J. Doty's name was prefaced by a " J," a " W " over it, and a line across it. No objection was made to the introduction of the note in evidence, and it was so admitted. Plaintiffs in error testified the name was not erased when they signed the note. The officers of the bank knew nothing about the erasure having been made, and from anything that appears in the evidence the scratch upon Doty's name was a mere accident, intended by no one for an erasure, or for the purpose of releasing him as one of the joint makers of the note, and if this be true, and such inference is as reasonable as any other, plaintiffs in error were not prejudiced.

The instruction requiring defendant in error to explain the appearance of the note was properly refused, for it was not called upon, by an objection to the introduction of the note in evidence, to explain the apparent erasure, and the modified instruction was proper. There was no error of instructions. The verdict was right under the evidence and the judgment will be affirmed.